UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE WATSON, | ) | |
| | ) | |
| v. | ) | Civil No. 20-10349-PBS |
| | ) | |
| ABOU TOURE, | ) | |
|      Defendant. | ) | |

MEMORANDUM AND ORDER

February  20, 2020

SOROKIN, J.

For the reasons set forth below, this action is summarily remanded to the Metro-South Housing Court (Canton Session).

I.     BACKGROUND

On February 20, 2020, Abou Toure ("Toure") filed a pro se petition for removal pursuant to the Court's removal jurisdiction under 28 U.S.C. § 1441.  Doc. No. 1.  Toure is a defendant in a summary process eviction proceeding before the Housing Court – Metro South Division.   His landlord, The Watson, initiated the state court proceeding.

Toure's petition for removal is accompanied by an emergency motion to stop eviction and a copy of the summons and complaint for non-payment of rent.  A hearing is schedule at 9 am on February 21, 2020.   Toure filed a motion for leave to proceed in forma pauperis.

II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1447(c), this Court has authority to examine a notice of removal to determine if removal is proper.[1]  If it appears that this Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand.  28 U.S.C. § 1447(c).  Toure, as the party seeking to remove a case to federal court, has the burden of demonstrating the existence of federal jurisdiction.  See BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir.1997); In re Whatley, 396 F.Supp.2d 50, 53 (D. Mass. 2005). The removal statute must be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action.  Id. at 53, citing Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999).

The procedure for removal is governed by 28 U.S.C. § 1446.  The statute provides that a defendant desiring to remove any action from state court "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal" that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

Here, Toure's petition for removal indicates that he seeks to proceed under 28 U.S.C. § 1441(b).[2]  Generally, Section 1441 provides, in relevant part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

---

[1] Section 1447(c) of title 28 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

[2] Section 1441(b) permits removal of diversity cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

> district court of the United States for the district and division embracing the place
> where such action is pending.

28 U.S.C. § 1441(a) (underline added).

Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings), the petition for removal fails to provide a sufficient basis for removal.

III.   DISCUSSION

Here, Toure seeks to remove a summary process action from state court.   He attempts to establish the existence of subject matter jurisdiction by asserting a violation by The Watson of the Fair Debt Collection Practices Act ("FDCPA").   However, the assertion of a federal claim by a defendant in its notice of removal cannot support the exercise of federal question jurisdiction,

The summons and complaint seeks $6,171.21 for rent owed as well as costs and attorneys fees.  The FDCPA is not implicated.  Because Toure's allegations in the petition for removal cannot support federal question jurisdiction, Toure has failed to meet his burden to demonstrate that federal question jurisdiction exists over this matter.  In addition, though Toure alleges that the parties are diverse, the amount in controversy does not exceed $75,000 as required under 28 U.S.C. § 1332.

Accordingly, no adequate basis for removal exists and this action will be summarily returned to the state court.

IV.   CONCLUSION

Accordingly, this action is summarily REMANDED to the Metro-South Housing

Court (Canton Session).

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge